# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| THREE FIFTY MARKETS LTD., | * | Civil Action No. |
| | * | |
| *Plaintiff,* | * | Admiralty (FRCP 9(h)) |
| | * | |
| v. | * | |
| | * | |
| M/V ELEEN EVA (IMO No. 9527415), *in rem*, | * | |
| | * | |
| | * | |
| *Defendant.* | * | |

## PLAINTIFF'S VERIFIED ORIGINAL COMPLAINT

Plaintiff, THREE FIFTY MARKETS LTD. ("TFM" or "Plaintiff") by and through its undersigned counsel, DAVID TOY LAW FIRM and LENNON, MURPHY & PHILLIPS, LLC, as and for its Complaint against Defendant, M/V ELEEN EVA ("Defendant" or "Vessel"), alleges the following upon information and belief:

### JURISDICTION AND VENUE

1. This is an admiralty and maritime claim within the jurisdiction of the United States and of this Honorable Court all within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure involving claims for enforcement of a maritime lien and for unjust enrichment. This action also falls within this Court's admiralty and maritime jurisdiction under 28 U.S.C. § 1333, 46 U.S.C. § 31342, and Rule C of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rule[s]") for arrest of the Defendant Vessel.

2. Jurisdiction is proper pursuant to 28 U.S.C. § 1333, 9 U.S.C. § 201 *et seq.* and Rule 9(h) of the Federal Rules of Civil Procedure.

Doc ID: 55bfeced72057b92e90237ed409db515bc262ff5

3. Plaintiff's claim against M/V ELEEN EVA (IMO No. 9527415), *in rem*, ("Vessel"), arises from the provision of necessaries, services and goods, namely, marine fuel, which Plaintiff provided pursuant to an order from the charterer and/or owner of the Vessel.

4. On information and belief, the Vessel is or soon will be present in navigable waters within the jurisdiction of this Court and therefore, venue is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. At all material times, Plaintiff THREE FIFTY MARKETS LTD., was, and still is, a foreign company duly organized and operating under English law with a place of business at Forest Farm Shop, Forest Road, Ilford, United Kingdom, IG6 3HQ, engaged in international commerce including the sale, trade and supply of marine fuel oil.

6. At all material times, Defendant M/V ELEEN EVA (IMO No. 9527415), *in rem,* was, and/or still is, a Liberian flagged bulk carrier.

## FACTS

7. Upon information and belief, at all relevant times[1], non-parties EE Shipping Corporation and Eleen Marine Joint Stock Company are, respectively, the registered and beneficial owners of the Vessel (collectively "Owners").

8. Also upon information and belief. At all relevant times, the Vessel was chartered to non-party Shimsupa GmbH ("Charterers").

---

[1] Upon information and belief, non-party OCM Maritime Amazon LLC was the registered owner at the time that the marine fuel was supplied to the Vessel while EE Shipping Corporation and Eleen Marine Joint Stock Company were disponent Owners and became the registered and beneficial owners in February 2023.

Doc ID: 55bfeced72057b92e90237ed409db515bc262ff5

9. Pursuant to a bunker supply contract dated November 7, 2022 (the "Contract"), Plaintiff, as Seller, agreed to supply 925 mt of VLSFO[2] and 10 mt of MGO[3] (the "Bunkers") to the Vessel. *See a true and correct copy of the sale Confirmation attached hereto as Exhibit 1.*

10. The sale Confirmation incorporated the "General Terms & Conditions of Sale for the delivery of Marine Fuels from Three Fifty Markets Ltd" ("GTCs"). *See a true and correct copy of Three Fifty Markets Ltd.'s General Terms & Conditions of Sale attached hereto as Exhibit 2.*

11. The Order Confirmation for provision of the Bunkers was addressed to, among others "*MV ELEEN EVA and/or master and/or owners…*" and the GTCs provided, among other terms, that the buyers of the Bunkers not only included the parties identified on the Order Confirmation (e.g., Charterer's related company, non-party AUM Scrap and Metals Waste Trading LLC) but additionally the Vessels' owners. *See Exhibit 2.*

12. The Contract also provided as follows:

   a) the order for the Bunkers was considered to emanate from the Master of the Vessel and that delivery of the Bunkers to the Vessel created a primary lien on the Vessel (*see, Ex. 2 - Clauses 3(c) and 4(c)*);

   b) the Buyer – which included the Owners – was to pay for the Bunkers within 30 days of invoicing;

   c) if payment for the Bunkers was not made within 30 days, in addition to the purchase price and any interest, the Buyer would provide compensation to the Sellers in an amount equivalent to 20% of the outstanding amounts (*see, Ex. 2 - Clause 4(g)*);

---

[2] VLSFO = Very Low Sulfur Fuel Oil
[3] MGO = Marine Gas Oil

Doc ID: 55bfeced72057b92e90237ed409db515bc262ff5

d) interest on outstanding amounts owed to the Seller would accrue at the rate of 2% per month (compounding monthly) from the date on which payment was due (*see, Ex. 2 - Clause 4(j)*);

e) if Sellers incur costs in collecting overdue sums, the Buyer is to indemnify the Seller for such costs (*see, Ex. 2 - Clause 4(l)*);

f) the Vessel's Charterers expressly warranted that they had full authority of the Owners to pledge the Vessel in favor of the Seller and that they had given notice of the provisions of the Contract to Owners (*see, Ex. 2 - Clause 14*);

g) the laws of the United States, including but not limited to the Commercial Instruments and Maritime Lien Act ("CIMLA"), apply with respect to the existence of a maritime lien, regardless of the country in which the Seller takes legal action (*see, Ex. 2 - Clause 14*);

h) the Seller's maritime lien on the Vessel cannot be excluded unless the Buyer has notified the Seller of its intention to exclude the liability of the Vessel at least 12 hours in advance of the supply by sending written notice to accounts@threefiftymarkets.com (*see, Ex. 2 - Clause 14(b)*); and

i) disputes arising under the Contract shall be determined by arbitration (under LMAA rules) in London (*see, Ex.2 - Clause 19*).

*See, Exhibit 2.*

13. No written notice was ever given to Plaintiff excluding a maritime lien.

14. On November 15, 2022, the Bunkers were supplied to the Vessel as set forth in a Bunker Delivery Note. *See a true and correct copy of the Bunker Delivery Note is attached hereto as Exhibit 3*.

Doc ID: 55bfeced72057b92e90237ed409db515bc262ff5

15. On November 28, 2022, Plaintiff issued an invoice for USD $694,575.09 to the Vessel's Charterers. The due date for payment was 15 December 2022. *See a true and correct copy of the Plaintiff's Invoice attached hereto as Exhibit 4.*

16. Despite Charterer's promise to make payment on January 4, 2023, the due date passed without payment being made to Plaintiff. *See a true and correct copy of email exchanges attached hereto as Exhibit 5.*

17. As of June 30, 2023 interest in the amount of USD $95,093.36 will have accrued on the outstanding sums.

18. Pursuant to an order of the Vessel's charterer, acting with authority to bind the Defendant Vessel, Plaintiff provided maritime necessaries in the form of marine fuel to the Vessel and by operation of law and pursuant to the CIMLA, Plaintiff holds a maritime lien *in rem* against the Defendant Vessel up to the value of its marine fuel.

19. Plaintiff has not been paid for the maritime necessaries provided to the Vessel and therefore proceeds to arrest the Vessel to execute on its maritime lien *in rem*, for sale of the Vessel and satisfaction of its maritime lien *in rem* as demanded below.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands the following relief and/or judgment as follows:

A. That the Clerk of this Court issue a warrant *in rem* for arrest of the Vessel, commanding the United States Marshal for this District, or pursuant to alternative service of the warrant as ordered by this Court, to arrest and take into custody the Defendant Vessel and detain the same in the custody of the substitute custodian until further order of this Court;

Doc ID: 55bfeced72057b92e90237ed409db515bc262ff5

B.      That the Court find that Plaintiff holds a valid maritime lien against the Vessel and its engines, appurtenances, furnishings, machinery, and equipment as provided by 46 U.S.C. § 31342, and by federal law construing the aforesaid statute;

C.      That the Court grant judgment *in rem* against the Vessel, including without limitation all of its engines, machinery, tools, boats, anchors, chains, tackle, fittings, navigation equipment, and all other equipment and appurtenances appertaining or belonging to the Vessel, whether on board or not, and order that Plaintiff's claim of at least $789,668.45 as detailed hereinabove, be asserted and executed against the Vessel for Plaintiff's maritime lien, *in rem*, and that the Vessel be sold to satisfy Plaintiff's maritime lien *in rem*;

D.      That the Court award Plaintiff its costs and other expenses incurred in connection with this proceeding, including without limitation, all costs incurred in *custodia legis*;

E.      The Court retain jurisdiction over this matter, and over the Vessel arrested pursuant to process issued herein, in order to enter a judgment upon any decree in these proceedings and/or the London arbitration proceedings;

F.      That pursuant to 9 U.S.C. §§ 201 *et seq.*, and/or the doctrine of comity, this honorable Court recognize and confirm any foreign judgment(s), or arbitration award(s), rendered on the claims had herein as judgment(s) of this Court;

G.      That Plaintiff be awarded its attorney's fees and costs of this action; and

Doc ID: 55bfeced72057b92e90237ed409db515bc262ff5

H.      That Plaintiff be granted all such other and further relief as equity, justice and the nature of this case will allow.

Dated:  June 29, 2023

          Respectfully submitted,

By: */s/ David S.Toy*
David S. Toy
SBN 24048029 / SDTX ID 588699
DAVID TOY LAW FIRM
4309 Yoakum Boulevard, Suite 2050
Houston, TX 77006
Telephone: (713) 322-7911
Email: david.toy@davidtoylaw.com

and

Patrick F. Lennon, Esq. (*pro hac vice to be filed*)
Kevin J. Lennon, Esq. (*pro hac vice to be filed*)
LENNON, MURPHY & PHILLIPS, LLC
The GrayBar Building
420 Lexington Avenue, Suite 300
New York, New York 10170
Telephone: (212) 490-6050
Facsimile: (212) 490-6070
Email: pfl@lmplaw.net
Email: kjl@lmplaw.net

***Attorneys for Plaintiff,
Three Fifty Markets Ltd.***

Doc ID: 55bfeced72057b92e90237ed409db515bc262ff5

## UNSWORN DECLARATION

I, Kevin J. Lennon, declare, depose and say:

1. I am over 18 years of age, of sound mind, capable of making this Unsworn Declaration, and fully competent to testify to all matters stated herein.

2. I am a duly authorized representative of the Plaintiff, Three Fifty Markets Ltd., and have been duly authorized to verify this Complaint on its behalf.

3. I have knowledge of the facts as alleged in the forgoing Verified Complaint.

4. I have read the foregoing Verified Complaint and believe the factual allegations to be true and correct to the best of my knowledge and information.

Pursuant to 28 USC section 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 29, 2023.

_____
Kevin J. Lennon

Doc ID: 55bfeced72057b92e90237ed409db515bc262ff5